**No. 55967.**—The Texas Company *v*. United States, protests 136649–K, etc. (Galveston).

Opinion by LAWRENCE, J. In accordance with stipulation of counsel that the merchandise consists of radar equipment the same in all material respects as that the subject of *United States* v. *United Geophysical Company* (38 C. C. P. A. 137, C. A. D. 451), the claim of the plaintiff was sustained.

BEFORE THE THIRD DIVISION, NOVEMBER 1, 1951

**No. 55968.**—Jean Laytman *v*. United States, petition 6769–R (Denver).

Opinion by EKWALL, J. The lipsticks were invoiced and entered at 14 and 53 cents apiece, the difference in price being due to the type of packing or case, and the appraiser advanced the values to 21 and 79 cents apiece, respectively. The petitioner testified as to the prices paid for the merchandise and the circumstances surrounding the importation. Government counsel stated that the customs officials had informed him that, in their opinion, the entry of the merchandise was made at the lower prices because of the petitioner's ignorance of customs laws and that petitioner had given them all the information in her possession. The court held that while it is true that ignorance of the law is no excuse, nevertheless, in view of the statements of the Government officials that the petitioner disclosed to them all the information in her possession and that, in their opinion, there was no intention to deceive or defraud the United States, the petition should be and the same was granted.

OCTOBER 31, 1951

**No. 55969.**—Zoltan Erdosi *v*. United States, protest 133973–K.— Motion of Government for rehearing denied.